| | | |
|---|---|---|
| **ANNIE YOUNGBLOOD**<br>5317 Cuthbert Avenue<br>Baltimore, Maryland 21215 | *<br><br>* | **IN THE** |
| Plaintiff | * | **CIRCUIT COURT** |
| v. | * | |
| **CBAC BORROWER, LLC**<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808<br>Serve On: CSC-Lawyers Incorporating<br>        Service Company<br>        7 St. Paul Street, Suite 820<br>        Baltimore, MD 21202 | *<br><br>*<br><br>*<br><br>* | **FOR**<br><br><br><br>**BALTIMORE CITY** |
| and | * | |
| **CBAC GAMING, LLC**<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808<br>Serve On: CSC-Lawyers Incorporating<br>        Service Company<br>        7 St. Paul Street, Suite 820<br>        Baltimore, MD 21202 | *<br><br>*<br><br>*<br><br>* | |
| **Defendants** | * | **Case No.:** |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>**COMPLAINT AND PRAYER FOR JURY TRIAL**</u>

Plaintiff, Annie Youngblood, by and through her undersigned counsel, hereby files this Complaint against the Defendants, CBAC Borrower, LLC and CBAC Gaming, LLC (hereinafter "Defendants") and states in support:

<u>F<small>ACTS</small> C<small>OMMON TO</small> A<small>LL</small> C<small>OUNTS</small></u>

1. All events giving rise to this lawsuit occurred in Baltimore City, Maryland.

2.      On information and belief, at all relevant times, Defendants owned, operated, and managed the premises situated at 1525 Russell Street, Baltimore, Maryland 21230, including the business thereon operating as Horseshoe Casino Baltimore (the "Premises").

3.      Plaintiff was a guest and invitee at the Premises on January 9, 2024.

4.      On or about January 9, 2024, at approximately 8:00 A.M, while Plaintiff was a lawful invitee on the Premises, Plaintiff went to exchange money in order to play the slot machines and the various games offered on the Premises.

5.      After Plaintiff withdrew her money to enjoy her visit on the Premises and play the slot machines, an unknown assailant demanded Plaintiff's money, forcefully attempted to take her money, and violently struck her upside the head multiple times. After Plaintiff was knocked off her feet onto the ground, she screamed in pain for help; however, not a single employee/agent of Defendants came to her assistance. The unknown assailant fled the scene as Defendants' employees/agents/security personnel were not present to stop him.

6.      On information and belief, there have been at least a half dozen similar assaults and incidents of battery of other invitees and patrons on the Premises, including an instance of a security guard rendered unconscious from an individual striking them in the face.

7.      On information and belief, there were no security personnel, agents, or employees of Defendants near the scene of the Incident and despite the countless cameras perpetually monitoring every inch of the Premises, nobody was monitoring the cameras above the ATM/money exchange area where the Incident occurred.

8.      Indeed, cameras were monitoring the cashiers to make certain Defendants' money was secure, and undoubtedly would have been monitoring Plaintiff if she were gambling her money to ensure there was no attempt of cheating. However, not a single employee or agent of

Defendants was monitoring the Premises to ensure their patrons were safe from any unreasonable and dangerous conditions.

9. On information and belief, the Defendants knew before the Incident that the Premises lacked the necessary security personnel to ensure safety of all patrons and had actual knowledge of the previous violent attacks which created an unreasonable risk and dangerous conditions for patrons. Yet, Defendants failed to fix or warn its patrons of this dangerous condition.

10. Defendants owed a duty to the Plaintiff and all invitees to ensure they were safe from any and all dangerous conditions on the Premises and breached that duty.

### COUNT 1 – NEGLIGENCE
### (PLAINTIFF V. DEFENDANTS)

11. Plaintiff adopts and incorporates the allegations contained in the previous Paragraphs as if fully set forth herein.

12. At all relevant times, Defendants retained exclusive ownership, possession, control, and/or supervision of and over the said Premises including the area in which Plaintiff was violently attacked and injured.

13. At all relevant times, Defendants owed Plaintiff a duty of reasonable care, including but not limited to, maintaining the Premises in such condition that the public would not be subjected to hazards or risks from the Premises, and/or to correct said dangerous or defective conditions which it created and/or knew, or by the reasonable care, should have known to have existed

14. Defendants were negligent and careless by failing to exercise care and caution for the safety of others on its property, failing to maintain a safe environment at the Premises for Plaintiff, failing to properly staff the proper security personnel, failing to properly monitor the

Premises, failing to keep areas free and clear of latent and dangerous risks/hazards, and was otherwise negligent.

16. As a direct and proximate result of Defendants' breach, Plaintiff sustained, and continues to suffer severe, painful, and permanent physical and emotional injuries. Moreover, Plaintiff was caused to undergo, and will continue to require medical care and treatment, at her expense, and to lose time from her other daily pursuits.

16. Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the Defendants' negligence, without any negligence on the part of Plaintiff contributing thereto.

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendants, for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest and costs.

### COUNT II – PREMISES LIABILITY
(PLAINTIFF V. DEFENDANTS)

17. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 16 of this Complaint, and all other Counts of this Complaint, with the same effect as if fully set forth herein.

18. That Defendants retained exclusive ownership, possession, control, and/or supervision of and over the said Premises.

19. That Defendants owed invitees like Plaintiff a duty to maintain the Premises in such condition that the public would not be subjected to risks from any hazards or dangerous conditions of said Premises, and to inspect and correct said dangerous or hazardous conditions which it knew or by the exercise of reasonable care should have known to have existed.

20. That Defendants were negligent and careless by failing to exercise care and caution for the safety of others on its property, failing to keep its Premises free of dangerous and violent

4

individuals, failing to ensure there was sufficient security personnel, failing to inspect the same, and was otherwise negligent in causing this occurrence.

21. That Defendants were further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous environment and hazards, Defendants failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of Plaintiff thereby causing her to be severely injured and traumatized.

22. That as a proximate result of the negligence of Defendants, Plaintiff, was caused to be seriously, painfully, and permanently injured about her head, body, and limbs. Further, Plaintiff has endured mental trauma and anxiety as a result of the occurrence.

23. Plaintiff was caused to undergo medical care and treatment; to incur medical expenses; and to lose time from her other daily pursuits. Plaintiff will likely be caused in the future to undergo medical care and treatment, to incur medical expenses, and to lose from her other daily pursuits.

24. Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the Defendants' negligence, without any negligence on the part of Plaintiff contributing thereto.

**WHEREFORE**, this suit is brought, and the Plaintiff demands judgment against Defendants, for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

Respectfully submitted,

**Dustin C. Furman, AIS No. 1612130239**
**Allen E. Honick, AIS No. 1612130266**
**FURMAN | HONICK LAW**
11155 Red Run Boulevard, Suite 110
Owings Mills, Maryland 21117
(410) 844-6000 - Phone
(410) 705-5651 - Facsimile
dustin@fhjustice.com
allen@fhjustice.com
*Counsel for Plaintiff, Annie Youngblood*

## PRAYER FOR JURY TRIAL

Plaintiff requests a jury trial on all issues herein.

Dustin C. Furman, AIS No. 1612130239